NOTICE: Courtesy copies of documents you file should NOT be provided to any judge. All communications with the court SHALL ONLY be through documents filed with the Clerk of Court.

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| WILLIAM STAPLES | |
| | DOCKET NO. 11-cv-108; SEC. P |
| VERSUS | |
| | JUDGE DEE D. DRELL |
| WARDEN SHERROD, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION

Before the court is the *pro se* complaint of plaintiff, William Staples ("Staples"), which was filed pursuant to Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics[1] on January 11, 2011 (Doc. 1). Staples is an inmate in the custody of the Bureau of Prisons.

Staples was incarcerated at the United States Penitentiary in Pollock, Louisiana ("USP Pollock") until his transfer to Federal Correctional Institution - Schuylkill in Minersville, Pennsylvania (FCI - Schuylkill) on or about July 22, 2011. Staples is currently incarcerated at FCI - Schuylkill.

---

[1] In Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C. §1983.

On October 26, 2011, Staples filed a motion for preliminary injunction advising his property, including legal materials, never arrived at FCI - Schuylkill (Doc. 26). Staples asked that the court issue an order to USP Pollock to transfer his property and that penalties be accessed for failure to comply. Defendants have failed to respond to the motion. The motion is currently before me for report and recommendation.

## Law and Analysis

Rule 65 of the Federal Rules of Civil Procedure provides, in pertinent part:

> (b) A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

In order for Staples to obtain a preliminary injunction, he must show: (1) a substantial likelihood that his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) that the threatened injury outweighs the threatened harm the injunction may do to the opposing party, and (4) that the court granting the injunction will not disserve the public interest. Lake Charles Diesel, Inc. v. General Motors Corp., 328 F.3d 192, 196-197 (5th Cir. 2003), citing Canal

2

Auth. v. Callaway, 489 F.2d 567, 572 (5th Cir. 1974); Lakedreams v. Taylor, 932 F.2d 1103, 1107 (5th Cir. 1991), citing Allied Marketing Group, Inc. v. CDL Marketing, Inc., 878 F.2d 806, 809 (5th Cir. 1989).

Staples only argument in support of his motion is that he cannot "litigate, prosecute or defend against defendants motions in this case" (Doc. 26, p.2).

On August 29, Staples filed a motion for extension of time to file a response to defendants' motion to dismiss noting the fact his property and legal documents had not yet been transferred (Doc. 20). He requested a ninety day extension (likely knowing there is a significant delay between the time and inmate is transferred and the time his property arrives). The extension was granted as requested (Doc. 23). On September 12, 2011, only weeks after requesting and receiving the ninety day extension and two months before it was due, Staples filed a response to defendants' motion to dismiss. No comment was made that his materials still had not arrived nor that he had any trouble writing the response.

Additionally, at the same time plaintiff filed the instant motion, he filed a motion requesting copies of his original complaint, amended complaint and all exhibits thereto at no charge (Doc. 27). Thus, plaintiff was savvy enough to navigate the court system and obtain documents needed to proceed with his case.

Staples actions do not support his conclusory statement that

3

he cannot "litigate, prosecute or defend against defendants motions in this case" without the court ordering the return of his property.

## Conclusion

In light of the foregoing, IT IS RECOMMENDED that Staples' motion for preliminary injunction (Doc. 26) be DENIED.

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) business days** from the service of this Report and Recommendation to file specific, written objections with the Clerk of Court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. A party may respond to another party's objections with **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling. **A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON THE GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**


THUS DONE AND SIGNED at Alexandria, Louisiana on this ____ day of December, 2011.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE