RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 4 / 16 / 12
    JDK

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| WILLIAM STAPLES,<br>  Plaintiff | CIVIL ACTION<br>SECTION "P"<br>NO. 11-CV-00108 |
| VERSUS | |
| WARDEN SHERROD, et al.,<br>  Defendants | JUDGE JAMES T. TRIMBLE<br>MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before this court is a complaint filed by plaintiff William Staples ("Staples") pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388, 91 S.Ct. 1999 (1971),[1] on January 11, 2011 and amended on April 20, 2011 (Doc. 7). The named defendants are Warden Sherrod (Warden of the United States Penitentiary in Pollock, Louisiana ("USP-Pollock"), Commander Smith (Assistant Warden-Administrator of the medical and dental department at USP-Pollock), and Lt. Jr. Grade J. Cass (the dental hygienist at USP-Pollock). Staples contends that, while he was incarcerated in USP-Pollock in 2010, he was denied due process at a disciplinary proceeding which resulted in the loss of good

---

[1] <u>Bivens</u> defendants are federal officials brought into federal court for violating the Federal Constitution. <u>Bivens</u>-type actions may be brought only against federal agents and not federal agencies. <u>F.D.I.C. v. Meyer</u>, 510 U.S. 471, 486, 114 S.Ct. 996, 1006, 127 L.Ed.2d 308 (1994); <u>Whitley v. Hunt</u>, 158 F.3d 882 885 (5th Cir. 1998). Under <u>Bivens</u>, a plaintiff may recover damages for any injuries suffered as a result of federal agents' violations of his constitutional rights. <u>Channer v. Hall</u>, 112 F.3d 214, 216 (5th Cir. 1997).

time credits and denied appropriate dental care. For relief, Staples asks that the incident report be expunged, he be provided with dental care and dentures, and that he be awarded monetary damages.

Defendants answered the complaints (Doc. 16) and filed a motion for summary judgment (Docs. 18, 32). Staples filed a cross-motion for summary judgment (Doc. 38). The parties' motions for summary judgment are now before the court for disposition.

## Law and Analysis

Rule 56 of the Federal Rules of Civil Procedure mandates that the court shall grant a summary judgment:

> "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

Paragraph (e) of Rule 56 also provides the following:

> "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials-including the facts considered undisputed-show that the movant is entitled to it; or (4) issue any other appropriate order."

Local Rule 56.2W (formerly 2.10W) also provides that all material facts set forth in a statement of undisputed facts submitted by the moving party will be deemed admitted for purposes of a motion for summary judgment unless the opposing party controverts those facts by filing a short and concise statement of

2

material facts as to which that party contends there exists a genuine issue to be tried.

In this regard, the substantive law determines what facts are "material." A material fact issue exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. However, the mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to preclude summary judgment; there must be evidence on which the jury could reasonably find for the plaintiff. Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999), 528 U.S. 906, 120 S.Ct. 249 (1999), and cases cited therein.

If the movant produces evidence tending to show that there is no genuine issue of material fact, the nonmovant must then direct the court's attention to evidence in the record sufficient to establish the existence of a genuine issue of material fact for trial. In this analysis, we review the facts and draw all inferences most favorable to the nonmovant. Herrera v. Millsap, 862 F.2d 1157, 1159 (5th Cir. 1989). However, mere conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient, therefore, to defeat a motion for summary judgment. Topalian v. Ehrman, 954 F.2d 1125, 1131 (5th Cir.), cert. den., 506 U.S. 825, 113 S.Ct. 82(1992).

Exhaustion

Defendants contend Staples failed to exhaust his

administrative remedies prior to filing this suit.

In his original complaint, Staples alleges he was denied due process at a disciplinary hearing at USP-Pollock on August 10, 2010. However, Staples did not mention that claim in his amended complaint (Doc. 7) and did not argue it in his motion for summary judgment (Doc. 38). Therefore, that claim is considered abandoned, and only the dental care claim will be considered herein.

1.

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. 42 U.S.C. § 1997e(a). Exhaustion is mandatory, irrespective of the forms of relief sought and offered through administrative remedies. <u>Booth v. Churner</u>, 532 U.S. 731, 741 n. 6, 121 S.Ct. 1819 (2001). The exhaustion requirement of 42 U.S.C. § 1997e applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. <u>Porter v. Nussle</u>, 534 U.S. 516, 532, 122 S.Ct. 983, 992 (2002). Thus, federal prisoners suing under <u>Bivens v. Six Unknown Fed. Narcotics Agents</u>, 403 U.S. 388, 91 S.Ct. 1999 (1971), must first exhaust inmate grievance procedures just as state prisoners must exhaust administrative processes prior to instituting a § 1983 suit.

Porter, 534 U.S. at 524, 122 S.Ct. at 988. Resort to a prison grievance process must precede resort to a court. Porter, 534 U.S. at 529, 122 S.Ct. at 990. See also, Jackson v. Dobre, 2002 WL 31016915, 48 Fed.Appx. 104 (5th Cir. 2002)("futility is no longer an exception to the exhaustion requirement").

The administrative remedy procedures which must be followed by a federal prison inmate are set forth in 28 C.F.R. §§ 542.10, et seq. Those regulations provide for first step of an informal resolution attempt filed with the prison staff, a second step of a formal grievance filed with the warden, and appeals at the third and fourth steps as set forth below in Section 542.15; the third step is an appeal of the warden's decision to the Regional Director, and the fourth step is an appeal of the Regional Director's decision to the General Counsel.

2.

Staples was transferred from USP-Leavenworth to USP-Pollock in March 2009.[2]

On October 28, 2009, Staples filed a grievance and appeals (BP-8, B-9, BP-10) concerning the allegedly erroneous payments of $2.00 copays for dental care and a flu shot (Doc. 38, pp. 8-9/41, 11/41, 13/41, 16-17/41). That grievance and the appeals were

---

[2] While incarcerated at USP-Leavenworth, Staples exhausted his administrative remedies with respect to denial of or delay in providing dentures and dental care (Doc. 38, pp. 3-6/41, 40-41/41).

5

denied (Doc. 38, pp. 9-10/41, 12/41, 14-15/41, 18/41); the last response was on February 10, 2010, from the Regional Director. Staples did not appeal to the Central Office. Although Staples contends he also complained of a delay in dental care, that was only mentioned in the BP-10 (Doc. 38, pp. 8-9/41); Staples only asked for a return of his co-pays.

Staples also shows he filed a grievance (BP-8) concerning delays in dental care on April 7, 2010 (Doc. 38, pp. 37-38/41). On August 17, 2010, Staples filed a request to be put back on the waiting list, after he missed his dental appointment due to having been in the SHU (Doc. 1, p. 2/9). On October 25, 2010, Staples filed a request for dentures as well as for repayment of his $2.00 copay (Doc. 38, p. 3/9). On August 15, 2011 he filed a Regional Administrative Remedy Appeal with the Northwest Region, following an unanswered BP-8 and BP-9 at USP-Pollock, complaining that he had not been provided with dentures for over a year after he was approved for them, but was instead transferred to another facility (FCI-Schuykill), where he has to start over on a waiting list (Doc. 38, 27/41). The Warden at FCI-Schuykill sent Staples' request for dental care to the dental department there (Doc. 38, 28/41).

Also, on April 20, 2010, Staples signed a tort claim form alleging he had been denied dental care at USP-Pollock (Doc. 38, p. 30/41), and on July 21, 2010 the government acknowledged receipt of Staples' tort claim (Doc. 38, p. 29/41). On December 3, 2010, the

government denied Staples' tort claim, contending he had been provided timely and appropriate dental treatment and had not suffered any adverse changes to his health (Doc. 38, pp. 31-32/41).

This <u>Bivens</u> suit was filed by Staples on January 11, 2011.

Staples has not exhausted his administrative remedies as to delays in or denial of dental care by the named defendants at USP-Pollock; Staples only completed the first two steps of the administrative remedy process as to his complaint of delay at USP-Pollock in providing or denial of dental care and dentures. Therefore, defendants' motion for summary judgment should be granted, Staples' motion for summary judgment should be denied, and Staples' complaint should be dismissed for lack of exhaustion.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that defendants' motion for summary judgment be GRANTED, Staples motion for summary judgment be DENIED, and Staples' complaint be DISMISSED WITHOUT PREJUDICE due to lack of exhaustion of administrative remedies.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served

with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 16th day of April 2012.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE